UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES MOORE,

    Plaintiff,

-vs-                                        Case No. 6:05-cv-506-Orl-28KRS

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.
_____

## ORDER

This case is before the Court on Plaintiff's Motion to Remand (Doc. 9). Defendant filed a Memorandum in Opposition (Doc. 16). For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**.

Plaintiff filed a Complaint[1] against Defendant Metropolitan Property and Casualty Insurance Company, alleging that Plaintiff's home was insured under a policy of insurance issued by Defendant, and that Defendant has failed to pay benefits to Plaintiff for wind and water damages sustained on his home on September 5, 2004. Complaint ¶¶ 6, 7 & 10. The Complaint demands "damages for structural damages, damages to contents, and damages for loss of use, ... interest, attorney's fees and costs..." Complaint p. 3.

Defendant removed this case on the basis of diversity jurisdiction alleging complete diversity between the parties and that the amount in controversy exceeds $75,000.00

---

[1] This case was originally filed in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, case number 05-CA-1748.

exclusive of costs and interest. There is no dispute that complete diversity exists. Plaintiff's Complaint states only that Plaintiff seeks damages in excess of $15,000.00. Complaint ¶ 1. In his Motion to Remand, Plaintiff asserts that Defendant has not met its burden to establish that the amount in controversy, specifically asserting that "the amount in controversy is clearly and undeniably far less than $75,000.00," and that "the amount in controversy is not close to the threshold required for federal jurisdiction." Motion to Remand, ¶ ¶ 2[2] & 3. In support, Plaintiff attaches as exhibit "A" what appears to be, and what Plaintiff describes as an estimate for home repairs from MetLife Auto & Home Charlotte FCO in the amount of $2,628.57. Plaintiff's exhibit "B" appears to be an estimate for home repairs from Emergency Ins. Restoration Services in the amount of $14,057.53. Plaintiff's exhibit "C" appears to be an invoice for home repairs in the amount of $2,019.56.

The removing party bears the burden of proving that federal jurisdiction exists. <u>Williams v. Best Buy Company, Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). "Where...the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." <u>Id.</u> "When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."

---

[2] Plaintiff's Motion to Remand contains two paragraphs labeled "2," this quote appears in the second paragraph 2.

Id. A refusal by the Plaintiff to stipulate that his or her claim does not exceed $75,000.00, standing alone, does not satisfy the Defendant's burden. Id. at 1320.

Defendant asserts that Plaintiff's Complaint seeks damages beyond the scope of the materials attached to his Motion for Remand, specifically this claims for damage to personal property, loss of use, and failure to pay for alternative accommodations. Defendant describes Plaintiff's position as seeking "a post-remand rewrite" of the Complaint to defeat jurisdiction. Memorandum in Opposition p. 7. Further, Defendant suggests that Plaintiff's statements in his Motion to Remand regarding the amount in controversy fall short of a clear statement that he does not intend to seek damages in excess of $75,000.00.

The Court finds that under Williams, Defendant has not met his burden to show that removal was proper, and that Plaintiff's statements in his Motion to Remand that "the amount in controversy is clearly and undeniably far less than $75,000.00," and that "the amount in controversy is not close to the threshold required for federal jurisdiction," are sufficient to warrant remand of this case

Accordingly, Plaintiff's Motion to Remand is **GRANTED**. The Clerk is directed to remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, case number 05-CA-1748, and thereafter close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this __27__ day of May, 2005.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party