# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES MOORE,**

            **Plaintiff,**

**-vs-**                                                      **Case No. 6:05-cv-506-Orl-28KRS**

**METROPOLITAN PROPERTY AND**
**CASUALTY INSURANCE COMPANY,**

            **Defendant.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the Motion of Defendant to Tax Attorney's Fees and Costs Against Plaintiff Pursuant to 28 U.S.C., Section 1447(c), doc. no. 20, and Plaintiff's Motion to Tax Attorney's Fees and Costs Against Defendant Pursuant to 28 U.S.C. Section 1447(c), and Response to Defendant's Motion for Attorney Fees, doc. no. 21. This matter was referred to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b).

**I.  PROCEDURAL HISTORY.**

On February 28, 2005, Plaintiff James Moore filed a complaint against Metropolitan Property & Casualty Insurance Company (Metropolitan) in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Doc. No. 2. In sum, Moore alleged that Metropolitan failed to pay him for damages sustained to his home on September 5, 2004, pursuant to the terms of an insurance policy. Moore claimed his damages were "greater than Fifteen Thousand Dollars

($15,000), exclusive of interest, costs, and attorneys' fees." Complaint ¶ 1. Moore asserted that he was entitled to attorneys' fees and costs pursuant to Fla. Stat. § 627.428. *Id*. at ¶ 15.

On April 4, 2005, Metropolitan filed a Notice of Removal in this Court. Doc. No. 1. In sum, Metropolitan asserted that subject matter jurisdiction was proper pursuant to 28 U.S.C. § 1332 because the parties were diverse and the amount in controversy exceeded $75,000.00. *Id*. at 2. Thereafter, Moore timely filed a motion to remand the matter back to state court on the basis that the amount in controversy "is clearly and undeniably far less that $75,000.00." Doc. No. 9, at 1. In support of the motion to remand, Moore attached what appear to be estimates of his damages, which total $18,705.66. *Id*. exs. A, B & C. In response to the motion, Metropolitan argued that there was more at issue than the damages identified by Moore, noting that Moore also sought damages for loss of use of property, damage to personal property, failure to pay for alternative accommodations, attorneys' fees and prejudgment interest. However, it offered no evidence of the amount of these additional damages, fees and interest. Doc. No. 16.

On May 31, 2005, the presiding District Judge, the Honorable John Antoon II, entered an order remanding the matter back to state court. Doc. No. 17. In sum, Judge Antoon found that Metropolitan failed to establish that the amount in controversy exceeded the jurisdictional requirement set forth in 28 U.S.C. § 1332. Doc. No. 17, at 2-3. Both parties timely requested awards of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Doc. Nos. 20, 21. Thereafter, Metropolitan filed a memorandum of law in opposition to Moore's petition for attorneys' fees and costs. Doc. No. 24.

## II. STANDARD OF REVIEW.

The requests for attorneys' fees at issue in this case are governed by 28 U.S.C. § 1447(c), which provides that "[a]n order remanding . . . [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of attorneys' fees and costs under 28 U.S.C. § 1447(c) is within the trial court's sole discretion. *Publix Supermarkets, Inc. v. United Food & Commercial Workers Int'l Union*, 900 F. Supp. 419, 421 (M.D. Fla. 1995).

## III. ANALYSIS.

The attorneys' fees and costs incurred as a result of the improper removal of this case arise equally from the actions of both parties. The plaintiff could have more clearly alleged the damages sought in the complaint in order to make it clear that the case does not involve more than $75,000 in controversy, if that is his contention. Doing so would have alleviated the risk that the defendants would remove the case based on the unspecified allegation of the amount in controversy. The law was also clear that the defendants had the burden of proving by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional limit when they removed the case. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The general *ad damnum* clause in the complaint was insufficient to establish the jurisdictional amount, and Metropolitan offered no evidence in support of its assertion that the amount in controversy exceeded $75,000.

There is no evidence that the plaintiff has attempted to hide from the defendants the actual amount in controversy or "devilishly move[d] to limit [the] damages and return to state court only

after litigation has taken an unfavorable turn." *Brooks v. Pre-Paid Legal Servs., Inc.*, 153 F. Supp. 2d 1299, 1302 (M.D. Ala. 2001). Therefore, while the rationale followed by the court in *Brooks* may warrant an award of attorneys' fees and costs in some instances, I recommend that it not be applied in this case.

**IV.     RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Motion of Defendant to Tax Attorney's Fees and Costs Against Plaintiff Pursuant to 28 U.S.C., Section 1447(c) (Doc. no. 20) be **DENIED**. I further recommend that Plaintiff's Motion to Tax Attorney's Fees and Costs Against Defendant Pursuant to 28 U.S.C. Section 1447(c) (Doc. no. 21) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 14, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties
District Courtroom Deputy